## DAVID SNIDER, ETC., v. JOHN RANCHNBUSH.

**Alteration of Instruments—Presumption—Burden of Proof.**

    Where it is apparent upon the face of a note that it has been changed since its execution, it will be presumed that the alteration was made without the consent of the obligor, and the burden of proof is on the holder to establish the fact that it was made by the obligor or with his consent.

### APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

#### March 6, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

It does not appear to us that the appellants established any valid cause of action on their counterclaim, and there was no error in dismissing it; but on the special plea of *non est factum* the judgment must be reversed. An inspection of the original note now before us, and the variance between it, in its terms, and the description of it in the lease simultaneously executed furnished strong presumptive evidence that the words "with a lien on their crop for the within amount" were interpolated in the note after its execution; and this alteration being apparent the burden was on the holders of proving it was made either by the obligors or with their authority or consent, according to principles well settled. There is not sufficient evidence on this question to repel the presumption of the unauthorized alteration of the note. The testimony of Stallman, the only witness examined on the subject, proves nothing more than a dispute between Snider and Manning as to the alteration in the note having been inserted by consent, after the note was given, and rather involves an admission on the part of Manning that he made the alteration and claimed to have been authorized to do so, which Snider denied. We see no reason why Manning was not a competent witness on the question, which it was so important to solve on the part of the appellees for whom he acted as agent, yet he was not examined. We regard the alteration as materially changing the terms of the note, and must, therefore, conclude that the note as altered is not the act and deed of the appellants. Wherefore, the judgment is reversed and the cause remanded with instructions to dismiss the petition but without prejudice to any cause of action the appellees may have for such founded on an express or implied agreement to pay for the use of the land.

*Drain, Haswell, for appellant.*

*Kinchloe, Eskridge, for appellee.*